

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEROME D. BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-616-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jerome D. Brown, a state prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records in petitioner's previous habeas actions, and relief sought by petitioner, the court has concluded that the petition is repetitive and should be summarily dismissed as an abuse of the writ.

### I.  Factual and Procedural History

Petitioner is serving a 32-year sentence for his April 1996 conviction in Tarrant County, Texas, Case No. 0514634D, for

aggravated assault on a peace officer with a deadly weapon. Pet. 2, ECF No. 1. Petitioner has filed at least five previous § 2254 habeas petitions in this court challenging the same conviction.[1] The court takes judicial notice of the pleadings and state court records filed in those previous habeas actions.

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[2] The Fifth

---

[1] *See* Pet., Brown v. Quarterman, No. 4:08-CV-138-A, ECF No. 1; Pet., Brown v. Quarterman, No. 4:06-CV-632-A, ECF No. 1; Pet., Brown v. Dretke, No. 4:06-CV-296-Y, ECF No. 1; Pet., Brown v. Dretke, No. 4:03-CV-1435-A, ECF No. 1; Pet., Brown v. Johnson, No. 4:99-CV-693-Y, ECF No. 1.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

2

Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

A successive petition is one that raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner's attempt to file yet another habeas petition pursuant to § 2254 challenging his 1996 conviction constitutes an abuse of the writ. In light of petitioner's history of repetitive and frivolous filings, he is warned that any future attempts of a similar nature will lead to the imposition of sanctions, including monetary penalties, a bar to filing any further complaints, petitions, or motions in this court, and/or other impediments.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

3

dismissed as an abuse of the writ. It is further ORDERED that all pending motions and a certificate of appealability be, and are hereby, denied.

SIGNED July __28__, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE